Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Malcolm Campbell

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Malcolm Campbell**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Direct Recovery Services, LLC**, a limited liability company,<br><br>Defendant. | Case No.<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

### Introduction

1. Malcolm Campbell ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Direct Recovery Services, LLC ("Defendant"), and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt, causing Plaintiff damages.

2. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendants' violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that the Defendants transact business in this District and the acts giving rise to this action occurred in this District.

## Parties

6. Plaintiff is a natural person who resides in the County of Los Angeles, State of California and is a third party to a debt as that terms is addressed in 15 U.S.C § 1692c(b).

7. Plaintiff has suffered a concrete injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Defendant is a collection agency and a Minnesota company operating from an address of 629 7th Avenue, Suite 1, Two Harbors, Minnesota 55616, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

**Factual Allegations**

10. Plaintiff is informed and believes, and thereon alleges, sometime prior to May 9, 2018, Plaintiff's cousin Emma Wright incurred a financial obligation to an unknown third party that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

11. Plaintiff is informed and believes, and thereon alleges Ms. Wright is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Ms. Wright and that Ms. Wright is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

12. Plaintiff is informed and believes, and thereon alleges, Ms. Wright is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

13. Plaintiff is informed and believes, and thereon alleges, these financial obligations were primarily for personal, family or household purposes, more specifically, personal expenses and are therefore "debt(s)" as that term is defined by 15 U.S.C § 1692a(5).

14. Sometime after incurring the debt and prior to May 9, 2018, Ms. Wright fell behind on the payment(s) owed on the debt.

15. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind on payments on the alleged debt, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

16. Defendant or the creditor on whose behalf Defendant was collecting either had or had access to Ms. Wright's contact information including her telephone number and address.

17. Despite Defendant's possession or access to Ms. Wright's contact information, Defendant contacted Plaintiff and communicated with Plaintiff at least two times via telephone.

18. Plaintiff's telephone has an outgoing message that automatically plays for callers before they can leave a voicemail.

19. Plaintiff made the recording using his own voice and he identifies himself in the outgoing message.

20. Defendant ignored Plaintiff's outgoing message and left Plaintiff two voicemail messages for Ms. Wright.

21. Defendant is a stranger to Plaintiff and Plaintiff is in no way liable or financially obligated to pay for the debt Defendant was attempting to collect.

22. At all times relevant to this Complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with the telephone number (XXX) XXX-0279 [TELEPHONE NUMBER REDACTED].

23. The calls from Defendant to Plaintiff were made to Plaintiff's personal telephone, and therefore Plaintiff has suffered particularized concrete injuries because his cell phone was unavailable for legitimate use during the unwanted calls and the calls harassed and annoyed him.

24. Each of the voicemail messages Defendant left on Plaintiff's cellular telephone occupied valuable and limited storage space on Plaintiff's cellular telephone, preventing him from using that space for his own personal use.

25. Listening to these messages wasted Plaintiff's time and were a nuisance and interruption to Plaintiff's daily life.

26. Plaintiff's cell phone battery was depleted each time Plaintiff received a call from Defendant and each time he listened to their voicemail messages.

*Voicemail Messages*

27. On May 9, 2018, Defendant called Plaintiff's telephone and left a prerecorded voicemail message for Ms. Wright. That voicemail message falls

Complaint—4

within the term "communication" as it is defined by 15 U.S.C § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b). The voicemail message is transcribed below in its entirety:

> this matter as a confidential notice for Emma Wright if this is not Emma Wright please hang up now. If this is Emma Wright please continue listening to this message. Do not listen to this message where others can hear as it contains confidential information. There will now be a three second pause. Hello I have been given authorization to give you a final call concerning the matter here at DRS we have not heard from you as of yet but it is still possible to find a resolution. Based on your public record I do believe that you are in a position to call and allow us to help you. This means that you should reach out as soon as you do have the opportunity. I know that this is not good news but we are still in a position to help you as our client has given us the authorization to stop the collection process. You do need to call 218 212 7425. Again this is my final call to you 218 212 7425. This is an attempt to collect a debt and any information will only be used for that purpose. To be connected to a representative please press 1 now.

28. On July 3, 2018, Defendant once again called Plaintiff's telephone and left a prerecorded voicemail message for Ms. Wright. That voicemail message falls within the term "communication" as it is defined by 15 U.S.C § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b). The voicemail message is transcribed below in its entirety:

> is solely intended for Emma Wright. If you are not Emma Wright you must hang up as this message contains private and personal information. If you are Emma Wright or legal representation for Emma Wright do not listen to this notice where others can hear it as it is confidential. There will now be a three second pause. Due to lack of communication by your side this will serve as a final notification from Direct Recovery. Solutions still exist and it is certainly not our intention to cause you considerable inconvenience. We regret the necessity of this disclosure. However your negligence and lack of corrective action has

left our client with few alternatives. Please understand that if you fail to contact further collection efforts will be pursued outside of our offices. Should you require further clarification on this matter you or your attorney must call 218 215-2090 no later than 5:00 pm Friday July 6. Again the number is 218 215-2090. This call is from a debt collector. This is an attempt to collect a debt and any information will only be used for that purpose.

29. 15 U.S.C. § 1692c(b) prohibits a debt collector from communicating with any person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Each of the voicemails Defendant left on Plaintiff's telephone violated 15 U.S.C. § 1692c(b) as Plaintiff is a third party and Defendant did not have consent to communicate with Plaintiff. Additionally, Defendant was aware that they were communicating with a third party, as Plaintiff's outgoing message identified himself as the called party.

30. 15 U.S.C. § 1692b prohibits a debt collector from communicating with a third party unless that communication is for the purpose of acquiring location information. Each of the voicemails Defendant left on Plaintiff's telephone violated 15 U.S.C. § 1692b as Defendant was not seeking location information from Plaintiff, Defendant identifies themselves without being expressly requested to do so, discloses to Plaintiff that his aunt Ms. Wright owes a debt, and communicated with Plaintiff more than once.

31. Similarly, Cal. Civ. Code § 1788.12(b) prohibits a debt collector from communicating information regarding a consumer debt to any member of the debtor's family except where the purpose of the communication is to locate the debtor. Defendant's voicemail communications with Plaintiff regarding his cousin, were not attempts to locate Ms. Wright and therefore violated Cal. Civ. Code § 1788.12(b).

32. 15 U.S.C. §§ 1692e and 1692e(10) prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection

Complaint—6

with the collection of any debt. Defendant stated two times in their voicemail on May 9, 2018 that this was their final call, yet they called back on July 3, 2018 and left a second voicemail message. Defendant's false, deceptive, misleading threat was an effort to create a false sense of urgency in the recipient that a failure to call Defendant back would end their communications. Moreover, this false sense of urgency would increase the likelihood that Plaintiff would transmit the message to his aunt, Ms. Wright. Accordingly, Defendant's voicemails message violated 15 U.S.C. §§ 1692e and 1692e(10).

33. Defendant's threats that the call on May 9, 2018 would be their final call also violated 15 U.S.C. §§ 1692e(5) as their threat was not an action they intended to take as demonstrated by their subsequent call on July 3, 2018.

34. Defendant's conduct violated 15 U.S.C. §§ 1692c(b), 1692b, 1692e, 1692e(10), and 1692e(5) and Cal Civ. Code § 1788.12(b).

35. By violating 15 U.S.C. §§ 1692c(b), § 1692b, 1692e, 1692e(10), and 1692e(5), Defendant's conduct also violated Cal. Civ. Code § 1788.17.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act**
**15 U.S.C. § 1692 et seq. (FDCPA)**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)

39. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

41. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code §§ 1788.30(a) and 1788.17; statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code §§ 1788.30(b) and 1788.17; and reasonable attorney's fees and costs pursuant to Cal. Civ. Code §§ 1788.30(c) and 1788.17 from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

7. an award of actual damages, statutory damages of $1,000.00, and costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.17, from Defendant; and

8. for such other and further relief as may be just and proper.

## Trial By Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated: November 14, 2018.   Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff